UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FRANCIS J. PULLANO,  )
                     )
    Plaintiff,   )
                     )    2:10-cv-00335-KJD-LRL
v.                   )
                     )    **O R D E R**
CLARK COUNTY DETENTION CENTER, *et al.*,)
                     )
    Defendants.  )
_____)

    Before the court are plaintiff's Motion to Compel (#8, filed August 2, 2010) and Motion for Enlargement of Time (#11, filed September 3, 2010), through which he seeks a 75-day extension to serve defendants, and plaintiff's Motion for Appointment of Counsel (#13, filed October 20, 2010). No responses to the motions have been filed.

    Through his Motion to Compel (#8), plaintiff requests the Clark County Detention Center ("CCDC") and/or the Las Vegas Metropolitan Police Department to "provide a roster listing the names and contact information and addresses for all guards and medical staff who worked specifically in unit 4-L during the period of April through June of 2009," as well as the names of individuals responsible to accept packages at CCDC at approximately 3 p.m. on June 2, 2009. Plaintiff further requests the court to compel the Nevada State Nursing Board to provide accurate contact information and addresses for several defendants.

    Plaintiff's Motion to Compel (#8) is premature. Discovery in this case had not commenced when he filed the motion. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d). The parties did not hold a 26(f) conference until October 20, 2010. Moreover, before a party may file a motion to compel pursuant to Fed.R.Civ.P. 37, that party must first serve a discovery request on the party from whom discovery is sought. For

example, Rule 34 provides the procedure to request documents. If a response to a proper request for discovery is unsatisfactory, the requesting party must then meet and confer with the other party to try and resolve the issue without court intervention. *See* Fed.R.Civ.P. 37; *see also* Local Rule 26-7. Only if the parties are not able on their own to reach a satisfactory resolution may the requesting party file a motion to compel discovery. *See id.* Pursuant to Fed.R.Civ.P. 37(a)(1) and LR 26-7(b), the party filing a motion to compel must include a certification that it has in good faith met and conferred with the person or party failing to make disclosure or discovery in an effort to obtain the discovery without court action. Finally, only parties may be served with requests for production of documents or interrogatories. *See* Fed.R.Civ.P. 34 and 33. The Nevada State Nursing Board is not a party to this action.

Plaintiff's motion (#8) further seeks the assistance of the court in serving several defendants. Unless a defendant waives service, a plaintiff must ensure that each defendant is served with a copy of the summons and complaint. Fed.R.Civ.P. 4. Under Rule 4(e)(2), proper service of a defendant may be effectuated by (1) delivering a copy of the summons and complaint to the defendant personally; (2) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion; or (3) by delivering a copy of the summons and complaint to an agent authorized to receive service of process.

CCDC accepted service on July 14, 2010. (Dkt. # 6). Plaintiff enumerates eight fully identified defendants, including NaphCare Inc., whom he attempted to serve through CCDC but for whom CCDC refused to accept service. In his motion, plaintiff provides an alternate address at which he wishes to serve NaphCare, Inc. Plaintiff is advised that he may complete a USM-285 form so that the U.S. Marshal's Office may attempt to effect service on NaphCare, Inc. at that address. Regarding the remaining seven fully identified defendants for whom CCDC refused service, plaintiff indicates that each are nurses who are employed by NaphCare, Inc. It is not alleged that the seven defendants reside at CCDC nor that CCDC is authorized to accept service for NaphCare, Inc.'s nurses. While plaintiff is entitled to serve those defendants, assuming they are correctly identified, and the court is obligated

to assist him, *see* 28 U.S.C. § 1915(d), plaintiff must first obtain appropriate addresses or identify appropriate agents to accept service for them. Plaintiff may obtain such information through discovery.

With regards to the Motion for Appointment of Counsel (#13), the court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). In this case, plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims, and the facts alleged and issues raised are not of substantial complexity. However, it is difficult to determine whether there is a likelihood of success on the merits of plaintiff's claims at this early stage of the proceeding. Therefore, the court will revisit the issue of appointed counsel once defendants have had an opportunity to respond to the lawsuit.

Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under § 1915. *Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The court has no funds to pay for attorney fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, plaintiff should attempt to procure his own counsel on a contingency or pro bono basis, if possible.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Compel (#8) is denied.

IT IS FURTHER ORDERED that plaintiff's Motion for Enlargement of Time (#11) is GRANTED to the extent that plaintiff shall have until December 16, 2010 to effect service on the unserved defendants.

. . .

IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (#13) is denied without prejudice.

DATED this 25th day of October, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**