# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCIS J. PULLANO,

    Plaintiff,

v.

#8170, CCDC GUARD, *et al*.,

    Defendants.

Case No. 2:10-CV-00335-KJD-LRL

**ORDER**

    Before the Court is the Motion to Dismiss of NaphCare, Inc., Judy Frank, Elias Nolasco, and Jospeh Venturina (the "NaphCare Defendants") (#27) to which Defendants Clark County Detention Center ("CCDC"), Gillespie, Kirkegard, Arb, Wesley, and Wolfe (the "LVMPD Defendants") have joined (#34). Plaintiff Francis J. Pullano filed an Opposition (#38), NaphCare Defendants replied (#43). Plaintiff filed a sur-response to the NaphCare Defendants's reply styled "Plaintiff's Response to Defendant's Reply to Plaintiff's Answer" (#46). NaphCare Defendants moved to strike Plaintiff's response (#47). Defendant Nancy Goodman filed a Motion to Dismiss (#54). Plaintiff opposed (#59) and Defendant Goodman replied (#63). The LVMPD Defendants filed a Motion for Partial

Judgment on the Pleadings (#70) and Plaintiff filed a Response (#75).  The Court has considered all these motions, their oppositions, replies and other papers and rules on them together herein.

I.  Background

Plaintiff was sentenced to serve one year in CCDC commencing on April 21, 2009.  According to the complaint, Plaintiff suffers from various medical conditions including congestive heart failure, hypertension, sleep apnea, osteoarthritis, and bipolar disorder.  During his incarceration at CCDC, Plaintiff was primarily housed in a medical unit.  Plaintiff alleges various violations of his civil rights based on the conduct of the nurses and guards at CCDC.  Specifically, Plaintiff contends that his First Amendment rights were violated when his attempts to file grievances were blocked, diverted, denied, or otherwise limited by CCDC and NaphCare staff.  Plaintiff also alleges that his Eighth Amendment rights were violated when, during various periods of his incarceration, staff members withheld a device needed to treat his sleep apnea, deprived him use of a medically necessary cane, failed to give him appropriate medication, temporarily removed him from medical housing, failed to monitor his medical condition, failed to give certain treatments, did not allow him sufficient exercise, exposed him to taunting and ridicule, exposed him to dangerous conditions, and failed to provide him adequate lighting, toilet facilities, sleep, and sufficient scheduling.

Plaintiff filed his application to proceed *in forma pauperis* on March 10, 2010 (#1).  The order granting his request (#2) was entered on June 4, 2010 and the complaint was filed that same day (#3).

II.  Legal Standards

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan

2

v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

Courts must liberally construe the pleadings of *pro se* parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, pro se litigants must supply a minimum factual basis for the claims they assert against defendants.  Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

III.  Analysis

    A.  Judgment on the Pleadings for Clark County Detention Center, Sheriff Gillespie and Former Deputy Kirkegard

The standard for judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c) is essentially the same as the standard for a motion to dismiss under Rule 12(b)(6).  North Star Int'l v. Arizona Corp. Comm., 720 F.2d 578, 580 (9th Cir. 1983).

### 1. Judgment on the Pleadings for Clark County Detention Center

To recover against a municipality under § 1983, a plaintiff's federal rights must have been violated by a municipal officer or employee who was acting pursuant to an official municipal policy or well-settled municipal custom, and the policy or custom caused the violation of the federal rights. Monell v. New York City Department of Social Services, 436 U.S. 658. 690-691 (1978). "To evaluate whether a local government is liable under § 1983, a court must, 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" McMillian v. Monroe County, Alabama 520 U.S. 781, 785, quoting Jett v. Dallas Independent School Dist., 491 U.S. 701, 737.  The question of which official has final policymaking authority is a question of state law.  Id.  Nevada state law delegates final policymaking authority for law enforcement, including operation of CCDC solely to the commanding officer and policymaker of the Las Vegas Metropolitan Police Department ("LVMPD").  See NRS 280.280; NRS 280.284; Bruttomesso v. Las Vegas Metropolitan Police Department, 95 Nev. 151 (153) (1979) (holding no liability against Police Commission since it is not involved in carrying out police function).  Unless there is specific statutory authorization, a department of a municipal government may not, in the departmental name, sue or be sued.  Wayment v. Holmens 112 Nev 232, 238 (Nevada 1996).

Here, CCDC is not a proper entity for suit.  There is no statutory authority permitting suits against CCDC.  It is not even a department of a municipal government, but is in fact a building owned by Clark County.  CCDC does not make policy or custom.  The official with final policymaking authority over CCDC is the sheriff of LVMPD who is named in this suit.  CCDC cannot, as a matter of law, be sued and accordingly Defendants' Motion is granted with respect to CCDC.

\\
\\

### 2. Judgment on the Pleadings for Sheriff Gillespie and Deputy Chief Kirkegard as Individuals

Individuals without personal involvement in a plaintiff's harms cannot be personally held liable for § 1983 claims since they could not have caused the violation. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  A plaintiff must allege facts, not simply conclusions, about the individual official's personal involvement. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under section § 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), (citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir.1984)).  Nevada law also prevents suits against a sheriff based on an act or omission of a deputy. N.R.S. §41.0335(1).

Here, Plaintiff's claims against Sheriff Gillespie and Deputy Chief Kirkegard are based on the alleged violation of Plaintiff's civil rights by deputies and other staff working at CCDC.  Plaintiff makes no allegations of evidence that Sheriff Gillespie or Deputy Chief Kirkegard were personally involved in any of these acts.  No suit can be maintained against these individuals in their personal capacity and accordingly Defendants' Motion is granted with respect to Sheriff Gillespie and Deputy Chief Kirkegard.

### 3. Judgment on the Pleadings for Sheriff Gillespie and Deputy Chief Kirkegard in Their Official Capacity

It is well established that naming an actor in his official capacity is the equivalent of naming the entity of which he is a part. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Dismissal of an official is proper where a plaintiff seeks to proceed against both the official in his official capacity and the entity. See e.g., Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Smith v. Metropolitan Sch. Dist. Perry Twp., 128 F.3d 1014, 1021 (11th Cir. 1997); Fireman's Fund Ins. Co.v. City of Lodi, 41 F. Supp. 2d 1100, 1106-07 (E.D. Cal. 1999).

LVMPD has not been named in this suit. However, other officers of LVMPD who were personally involved have been named in their official capacities. The presence of the other officers sued in their official capacity obviates the need for Sheriff Gillespie and Deputy Chief Kirkegard to be named in their official capacity. Accordingly Defendants' motion is granted. Plaintiff is granted leave to amend to add LVMPD.

### B.  Motions to Dismiss

#### 1. Official Capacity Suits Against NaphCare Defendants

As previously discussed, it is proper to dismiss suits against individuals named in their official capacity when the entity of which they are a part is also named. See supra Section III(A)(3).

Accordingly, claims against Defendants Frank, Nolasco, Venturina, and Goodman in their official capacities are dismissed since they are duplicative of claims against Naphcare.

#### 2. First Amendment Violation

Prisoners do not have a constitutional right to an inmate grievance system. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). A prison official cannot be held liable in a § 1983 action for failure to properly create, implement, and carry out an administrative appeals process within the prison system. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley, 997 F.2d at 495, (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F.Supp. at 10; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D . Mo.1986). Failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495; see also Ellis v. Benedetti, 2011 WL 9336, *4 (D.Nev. 2011).

Plaintiff's first cause of action is for violation of his First Amendment rights by interference with his attempts to utilize the CCDC grievance procedure. This claim is asserted against moving Defendants NaphCare, Nolasco, Goodman, CCDC and Arb. This count is entirely focused on

conduct relating to the failure of prison officials to properly process his written grievances or "kites" while he was an inmate at CCDC. This is not a valid basis for a claim under § 1983. Plaintiff's claim fails as a matter of law and is dismissed.

### 3. Eighth Amendment Claims Against NaphCare

42 U.S.C. §1983, does not allow entities to be held liable for the conduct of their employees under the theory of respondeat superior. Monell 436 U.S. at 694. An entity can only be found liable when its policy, practice, or custom inflicts injury upon the plaintiff. City of Canton v. Harris, 489 U.S. 378, 385 (1989). In cases where a plaintiff alleges municipal liability under § 1983, there must be an allegation of a direct and causal link between a municipal policy, practice, or custom and the alleged constitutional deprivation. Id. The policy and custom must be a deliberate or conscious choice by the municipality's final policymaking official. Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)(plurality opinion). "While the municipality's failure to adopt a precaution can be the basis for § 1983 liability, such omission must amount to an intentional choice, not merely an unintentionally negligent oversight." Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir. 1992).

NaphCare is a government contractor which provides healthcare for the inmates of CCDC. Plaintiff fails to allege that NaphCare's policy, practice, or customs caused Plaintiff's harm. In fact, Plaintiff emphasizes that his harms were caused by the staff's failure to follow orders of NaphCare doctors. Plaintiff does not allege in his complaint that NaphCare failed to train or supervise its employees appropriately. Plaintiff states no facts to support the existence of evidence that NaphCare was deliberately indifferent in its oversight and failed to adopt obvious policies preventing the deprivation of rights. City of Canton, 489 U.S. at 390. Accordingly, Plaintiff's Eighth Amendment claims against NaphCare are dismissed.

### 4. Eighth Amendment Claims Against other Moving Defendants

Fed. R. of Civ. Pro. 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This does not mean that a pleader must allege every element of each cause of action. Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832, 839 (9th Cir.

2007). The Court must liberally construe the pleadings of *pro se* parties. Eatinger, 902 F.2d at 1385; Brazil, 66 F.3d at 199.

Plaintiff's Eighth Amendment claims against moving Defendants Frank, Nolasco, Venturina, and Goodman survive. The substance of the moving Defendants' argument for dismissal is that Plaintiff failed to plead the required deliberate indifference necessary to sustain an Eighth Amendment claim. However, Plaintiff has plainly stated facts that could show deliberate indifference based on the conduct of the Defendants toward Plaintiff while he was incarcerated at CCDC. Dismissal of these claims is inappropriate at the pleading stage.

### 5. Statute of Limitations

For purposes of tolling in *in forma pauperis* cases, courts have "deemed the complaint 'filed' upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing 'relates back'—upon grant of pauper status — to the 'lodging' of the complaint with the clerk." Jarrett v. US Sprint Communications Co., 22 F.3d 256, 259 (10th Cir. 1994), (citing Houston v. Lack, 487 U.S. 266 (1988)).

Defendants argue that the statute of limitations has run on Plaintiff's claim, despite clear authority holding otherwise. Plaintiff filed his application to proceed *in forma pauperis* on March 10, 2010. None of his claims are barred by the statute of limitations.

### C. Motion to Strike

Plaintiff's Response to Defendants' Reply to Plaintiff's Motion to Dismiss (#46) was not filed in compliance with Local Rule 7-2. Accordingly, NaphCare Defendant's Motion to Strike (#47) is granted.

## IV. Conclusion

Plaintiff's claims against Clark County Detention Center, and Sheriff Gillespie and Deputy Chief Kirkegard in their individual and official capacities fail as a matter of law and these Defendants are entitled to judgment on the pleadings. Plaintiff's first cause of action for violation of his First Amendment rights fails and is dismissed. Plaintiff's Eighth Amendment claims against

NaphCare and NaphCare employees in their official capacity are dismissed. All other claims by Plaintiff survive.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Dismiss of NaphCare, Inc., Judy Frank, Elias Nolasco, and Jospeh Venturina (#27) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that NaphCare Defendants Motion to Strike (#47) is **GRANTED.**

**IT IS FURTHER ORDERED** Defendant Nancy Goodman's Motion to Dismiss (#54) is **GRANTED** in part and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that LVMPD Defendants' Motion for Partial Judgment on the Pleadings (#70) is **GRANTED**.

DATED this 7th day of July 2011.

_____
Kent J. Dawson
United States District Judge