UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCIS J. PULLANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00335-KJD-LRL |
| v. ) | |
| ) | **O R D E R** |
| CLARK COUNTY DETENTION CENTER, *et al.*,) | |
| ) | |
| Defendants. ) | |

Before the court is plaintiff's Motion for Leave on Method of Deposition (#68). The court has considered the motion (#68), defendants NaphCare, Inc., Judy Frank, Elias S. Nolasco, Joseph Ventura, and Nancy Goodman Opposition (#72), joined by defendants Clark County Detention Center, Gillespie, Kirkegard, ARB, Wesley, Wolfe and Escobar in Joinder (#73), and plaintiff's Reply (#76). Plaintiff previously filed a Motion to Take Deposition from Deponents with Leave to Change Method (#65), to which defendants filed an Opposition (#66) and plaintiff a Reply (#67). In plaintiff's reply (#67), he asks that the court strike the motion (#65). The court considers the motion (#65) to be withdrawn.

On June 4, 2010, the court filed its Order (#4) granting plaintiff's Application to Proceed *In Forma Pauperis*. Plaintiff's Complaint (#3) was filed that day. Plaintiff now wishes to take depositions of several defendants and eyewitnesses, but he cannot afford a court reporter.[1] He therefore seeks a court order to allow him to take depositions without the use of a court reporter pursuant to Rule 30(b)(3)(A). Rule 30(a)(2)(A)(i) allows each party to take up to ten depositions without obtaining leave of court or a stipulation. Rule 30(b)(1) provides that a party wishing to take deposition testimony must provide reasonable written notice. Rule 30(b)(3)(A) requires that "[t]he party who notices the deposition

---

[1] Neither plaintiff nor defendants indicate that plaintiff has issued a notice of deposition to any defendant or witness.

must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition."

Plaintiff wants to use electronic digital recording equipment to record the depositions. He represents that he will provide the two (2) electronic digital audio recording devices; he will have a Notary Public swear in the deponents and operate the recording devices; he will make available to defendants one copy of the recording at the time the deposition is taken; he will utilize a professional transcribing service; and he will have the deponents attest and confirm before the Notary Public that the digital audio taken in their presence was their true testimony. Mot. (#68) at 2. Defendants oppose the motion on grounds that it assumes plaintiff will hire an impartial Notary Public to save money and the Notary may intentionally alter the recording; the equipment may be unreliable; and the recording devices could fail, thus costing more money per deposition. Any party who has reason to believe a deposition does not conform to the requirements of Rule 30 may file a motion for appropriate relief. The court in its discretion will grant plaintiff's motion.

Accordingly,

IT IS ORDERED that plaintiff's Motion for Leave on Method of Deposition (#68) is granted. Plaintiff may take and record depositions, subject to following guidelines:

1) Plaintiff will be responsible for retaining an impartial Notary Public.

2) The Notary Public shall swear in the deponent(s).

3) The Notary Public will record the deposition(s) on two (2) separate recording devices; defense counsel may make a separate recording.

4) Plaintiff shall provide the necessary equipment to digitally record the depositions.

5) Plaintiff shall provide one of the recordings he makes to defense counsel at the close of the deposition.

6) The Notary Public shall certify the correctness and completeness of the recordings submitted to counsel.

7) Plaintiff shall have one recording transcribed. If counsel for defendant believes the transcription to be substantially inaccurate, he or she shall notify plaintiff by letter which contains a written transcription of the language in dispute and a transcription of that which defense counsel contends is accurate. The parties shall meet and confer to resolve the issue.

8) The deposition will not be submitted to the witnesses for corrections and signatures until the parties have agreed upon the accuracy of the transcript, or if necessary, the court has resolved the dispute. If there is no dispute between the parties as to the transcript's accuracy or after such dispute is resolved, the transcript shall be submitted to the deponent for good faith corrections and signatures.

9) If the deponent fails to make corrections and/or sign the transcript within thirty (30) days of submission, the transcript may be presumed to be accurate and trustworthy.

10) The original transcript may be used in the same manner as any transcript of a deposition taken by stenographic means may be used pursuant to the Federal Rules of Civil Procedure.

11) Each party shall maintain a log index of exhibits.

IT IS FURTHER ORDERED that in all other respects the motion (#68) is denied.

IT IS FURTHER ORDERED that plaintiff's Motion to Take Deposition from Deponents with Leave to Change Method (#65) is stricken.

DATED this 15th day of July, 2011.

*[signature]*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**