UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FRANCIS J. PULLANO, | Case No. 2:10-cv-00335-MMD-VCF |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| #8170, CCDC GUARD, *et al.*, | (Plf.'s Motion to Reconsider – dkt. no. 101; Plf.'s Motion to Strike – dkt. no. 115) |
| Defendants. | |

Before the Court is Plaintiff Francis J. Pullano's Motion to Reconsider the Court's Order Dismissing NaphCare, Inc. (dkt. no. 101) and Motion to Strike Errata (dkt. no. 115).

**I.   BACKGROUND**

The Court summarized the factual background of this case in its companion Order on the parties' cross-motions for summary judgment. Relevant to these Motions are the Court's July 8, 2011, Order granting in part and denying in part Defendants' motions to dismiss. (*See* dkt. no. 83.)  Pullano filed his Motion to Reconsider seeking reconsideration of the Court's dismissal of entity Defendant NaphCare, Inc. from the lawsuit. (Dkt. no. 101.)

After Pullano filed his Motion for Partial Summary Judgment (dkt. no. 95), Defendants Judy Frank, Nancy Goodman, Elias S. Nolasco, and Joseph Venturina ("the NaphCare Defendants") filed a Response and a Counter-Motion for Summary Judgment (dkt. nos. 108 and 122). The NaphCare Defendants appended to that Response and

1   Counter-Motion a written expert report by Dr. Robert D. Jones.  (*See* dkt. no. 108-E.)
2   After Pullano filed his Reply (dkt. no. 112), the NaphCare Defendants filed a Notice of
3   Errata seeking to correct discrepancies in the original expert report by substituting a
4   corrected version (dkt. no. 113).  Pullano filed his Motion to Strike Errata seeking to
5   strike the Notice and substitution as improper.  (*See* dkt. no. 115.)

**II.   ANALYSIS**

   **A.   Motion for Reconsideration (dkt. no. 101)**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b).  Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Pullano's Motion contests the dismissal of NaphCare, Inc. by the Court on the grounds that his Complaint properly alleged that NaphCare supervisory and policy-making officials implemented policies that facilitated the Eighth Amendment violations allegedly suffered by Pullano.  Pullano points to language in his Complaint that makes those allegations, and additional language at the end of his Complaint that alleged that Defendants failed to supervise their employees regarding detention and medical care.  Pullano argues that the Court improperly dismissed the claims against NaphCare, and must revisit its decision to do so.

While Pullano's allegations provided Defendants notice of his claims against NaphCare, mere notice does not guarantee a complaint's survival at the motion to dismiss stage.  While Pullano did not need to allege in detail his grievances against NaphCare, he must have done so with more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 681 (2009).  No facts were alleged showing any failure to supervise, or any NaphCare policy to engage in the types of conduct that Pullano filed suit over.  The Court properly determined that Pullano failed to establish his burden, and in turn properly dismissed the supervisory liability claims against NaphCare.  As a result, no basis exists now to reconsider the Court's previous order.  Pullano's Motion to Reconsider is denied.[1]

**B.     Motion to Strike Errata (dkt. no. 115)**

Rule 7(a) identifies pleadings as the complaint, answer, and reply, but not motions and other papers.  *See* Fed. R. Civ. Pro. 7(a).  Thus, a motion to strike is limited to pleadings.  *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E.D. Cal. 1999) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).  There is no provision in the Federal Rules of Civil Procedure for motions to strike another motion or memoranda.  *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 203 (D.N.M. 2005) (internal citation omitted).  However, a motion to strike matters that are not part of the pleadings may be regarded as an invitation by the movant to consider whether proffered material may properly be relied upon.  *United States v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (internal citations omitted); *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975) ("[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in [ruling on motions].").

At issue here is the expert medical opinion of Dr. Jones first filed by the NaphCare Defendants in support of their Response to Pullano's Motion for Partial Summary Judgment and Counter-Motion for Summary Judgment.  (*See* dkt. no. 108-E.)  The report appeared to have an erroneous listing of documents upon which Dr. Jones relied

---

[1]Nothing prevents Pullano from seeking to amend his Complaint with new allegations based upon information gathered during discovery.  Such a request must be made in the form of a motion for leave to amend the complaint under Fed. R. Civ. P. 15. and pursuant to the deadlines for amendment as established in this case.

in forming his medical opinion. Pullano, in his Response, pointed out the discrepancies (*see* dkt. no. 123 at 9-10), and the NaphCare Defendants filed a Notice of Errata with a corrected version of the medical report (*see* dkt. no. 113). This Notice of Errata is the subject of Pullano's Motion to Strike (dkt. no. 115).

In Response to Pullano's Motion to Strike, the NaphCare Defendants included affidavits of their counsel and Dr. Jones explaining the reason for the discrepancies and attributing them to "copy and paste" errors. Given this explanation, the Court will not strike the Notice of Errata, and will consider the amended expert report. There is no indication that the material is otherwise not credible or immaterial. Pullano's Motion to Strike is thus denied.

**III.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff Francis J. Pullano's Motion to Reconsider the Court's Order Dismissing NaphCare, Inc. (dkt. no. 101) is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Strike Errata (dkt. no. 115) is DENIED.

Dated this 27th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE

4