UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FRANCIS J. PULLANO, | Case No. 2:10-cv-00335-MMD-VCF |
|---|---|
| Plaintiff, | ORDER |
| v. | (Defs.' Motion for Attorney Fees – dkt. no. 130; |
| #8170, CCDC GUARD, *et al.*, | Plf's Motion for Damages and Final Judgment - dkt. no. 136; |
| Defendants. | Plf's Motion to Amend - dkt. no. 137) |

Before the Court are Defendants Judy Frank, Elias S. Nolasco, Joe Venturina, and Nancy Goodman's Motion for Attorneys' Fees (dkt. no. 130), Plaintiff Francis J. Pullano's Motion for Damages and Final Judgment (dkt. no. 136), and Pullano's Motion to Amend (dkt. no. 137). For the reasons set forth below, each of these motions is denied.

**I.    BACKGROUND**

Plaintiff Francis J. Pullano, a former Clark County Detention Center ("CCDC") detainee, brought this suit *in forma pauperis* on June 4, 2010. He alleged various violations of his civil rights based on the conduct of guards at CCDC and nurses employed by NaphCare, Inc., CCDC's privately-contracted medical provider. Specifically, Pullano claimed his First Amendment rights were violated when his attempts to file grievances were blocked, diverted, denied, or otherwise limited by CCDC and NaphCare staff. Pullano also alleged that his Eighth Amendment rights were violated when, during various periods of his incarceration, staff members withheld a needed

medical device to treat his sleep apnea, deprived him use of a medically necessary cane, failed to give him appropriate medication, temporarily removed him from medical housing, failed to monitor his medical condition, failed to give certain treatments, did not allow him sufficient exercise, exposed him to dangerous conditions, and failed to provide him adequate lighting, toilet facilities, and sleep.

On July 8, 2011, the Court issued an order granting in part and denying in part Defendants' Motions to Dismiss. (Dkt. no. 83.)  Pullano's Eighth Amendment claims against Defendants Judy Frank, Elias S. Nolasco, Joseph Venturina, and Nancy Goodman ("the NaphCare defendants") survived, as did his Eighth Amendment claims against Defendants Escobar and Wolfe ("the CCDC defendants").  Judgment on the pleadings for Defendants CCDC, Sheriff Gillespie, and Former Deputy Kirkegard was entered. Pullano's First Amendment claims were dismissed, as were his Eighth Amendment claims against NaphCare, Inc. and the NaphCare defendants in their official capacity.

After the parties filed competing summary judgment motions, the Court granted summary judgment to Defendants on all but one claim, Pullano's Eighth Amendment claim arising from the denial of his right to exercise.  (*See* dkt. no. 128). On this claim, summary judgment was granted in favor of Pullano. On all other claims, the Court granted Defendants' cross motions for summary judgment.

Thereafter, NaphCare Defendants filed their Motion for Attorneys' Fees, requesting fees associated with their defense.  (*See* dkt. no. 130.)  Pullano also moved the Court for damages and final judgment on his successful Eighth Amendment claim, as well as moving for leave to amend his Complaint.  (*See* dkt. nos. 136 and 137.)

## II.    MOTION FOR ATTORNEYS' FEES

### A.    Legal Standard

Attorneys' fees are available, at the Court's discretion, to a prevailing party in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, among others.  *See* 42 U.S.C. § 1988(b).  Authorization for attorneys' fees under 42 U.S.C. § 1988 is different

for prevailing defendants in a civil rights action than for prevailing plaintiffs. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir.1994).  Plaintiffs prevailing in a civil rights action may recover attorneys' fees unless such an award is unjust.  *Id.*  However, a prevailing defendant is awarded attorneys' fees only where the action is found to be "unreasonable, frivolous, meritless or vexatious." *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003) (quoting *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987)).  An appeal is considered frivolous when the result is obvious or the appellant's arguments of error are wholly without merit.  *Id.*

### B.     Discussion

Pullano's claims against the NaphCare Defendants were not "unreasonable, frivolous, meritless or vexatious."  *See Karam*, 352 F.3d at 1196.  As discussed in the Court's September 27, 2012, Order on the competing summary judgment motions, Pullano failed to demonstrate that the conduct of the NaphCare Defendants led to actual harm.  But his claims were not frivolous or wholly without merit, as he provided sufficient evidence of serious medical need and numerous purposeful acts or failures to respond to that need. The record revealed serious deficiencies in the NaphCare Defendants' care of Pullano during his confinement.  They escaped liability in this case only because they did not injure Pullano enough, not because his suit failed to raise serious constitutional concerns.  Accordingly, the Court cannot conclude that his suit was so wholly without merit to justify any award of attorneys' fees.

### III.    MOTION FOR DAMAGES AND FINAL JUDGMENT

Pullano moved to recover damages and enter final judgment on his Eighth Amendment claim against Defendants Cesar Escobar and Robert Wolfe. He seeks compensatory damages in the amount of $5,800 and punitive damages of $4,330.  The CCDC Defendants oppose the motion, arguing that it is untimely, premature, and unsupported by law.

In addition to nominal damages, compensatory damages are available to prisoners in Eighth Amendment cases for physical, mental and emotional injury.

However, without any indication of physical harm, a plaintiff cannot recover for emotional or mental injury. *See* 42 USC § 1997e(e) (barring prisoners from recovering for mental or emotional injury without prior showing of physical injury); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (injury need not be significant but must be more than de minimus). Here, Pullano failed to support his request for damages with any evidence of compensable injury, whether physical, mental, or emotional. In the absence of uncontroverted evidence demonstrating physical harm, Pullano cannot recover compensatory damages on a motion for summary judgment as a matter of law without proceeding to trial even setting aside the untimeliness of such a motion.

Similarly, punitive damages may be awarded on evidence of a public official's "evil motive or intent" or a defendant's "reckless or callous disregard of or indifference to the rights of others." *See Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Walker v. Woodford*, 454 F. Supp. 2d 1007, 1029 (S.D. Cal. 2006) (applying punitive damages standard in Eighth Amendment context), *aff'd in part,* 393 F. App'x 513 (9th Cir. 2010). This question is ordinarily decided by the trier of fact at trial, not by a judge via a summary judgment motion, as it requires a factual inquiry into Defendants' motives. *See id.* at 1030 n.6.

CCDC Defendants also oppose the Motion on the ground that the issue of qualified immunity still remains to be resolved before damages can be awarded. They did not, however, raise qualified immunity as a defense in opposition to Pullano's Partial Motion for Summary Judgment (*see* dkt. no. 104), or in their Counter Motion for Summary Judgment (*see* dkt. no. 96).[1] Although Eleventh Amendment immunity, as a

---

[1] Qualified immunity is mentioned in CCDC Defendants' Counter Motion for Summary Judgment only briefly in a section entitled "Legal Standards," and again in the penultimate sentence of the brief. (*See* dkt. no. 96 at 13-14 and 27.) However, such a "boilerplate" reference, particularly given the absence of any legal argument as to why any of the individual defendants were entitled to qualified immunity in the event that a constitutional violation occurred, is not adequate to preserve qualified immunity. *See Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 (1st Cir. 2007) (where qualified immunity is raised in a perfunctory manner, unaccompanied by any developed argument, the qualified immunity defense will be deemed waived)

jurisdictional bar, cannot be waived, *see In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) (raising sovereign immunity *sua sponte*), qualified immunity can be waived by a defendant when not raised in pre-trial summary judgment proceedings in circumstances similar to this one.  *See Summe v. Kenton Cnty. Clerk's Office*, 604 F.3d 257, 269-70 (6th Cir. 2010) (defendant waived qualified immunity defense when he did not raise it in his summary judgment motion, although he asserted qualified immunity as an affirmative defense in his answer and was aware of the defense before discovery and had ample time to develop it during discovery and to present it in the summary judgment motion; as a result, appeals court declined to review on appeal the district court's *sua sponte* grant of qualified immunity); *Narducci v. Moore*, 572 F.3d 313 (7th Cir. 2009) (holding that the failure to raise qualified immunity before the reply brief constituted a waiver of that defense in summary judgment proceedings, but noting that the defense's pleading of qualified immunity defense makes it available as a basis for a motion for judgment as a matter of law during the course of trial).  *See Blissett v. Coughlin*, 66 F.3d 531, 538 (2d Cir. 1995) (where defendant only generally raised qualified immunity in answer and never raised the issue again during subsequent five years of pretrial proceedings despite the district court's *sua sponte* invocation of the defense during trial, district court properly ruled that qualified immunity defense had been waived); *Maul v. Constan*, 928 F.2d 784, 785-787 (7th Cir. 1991) (although defendant's answer made reference to good faith immunity, defendant's failure to press qualified immunity defense in any pretrial motions, at pretrial conference, or at trial waived immunity); *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1548 (8th Cir. 1992) (same).

Because Pullano sought summary judgment, it was incumbent upon CCDC Defendants to press immunity as a defense to Pullano's claims.  Their failure to assert qualified immunity in opposition to summary judgment constitutes a waiver of this defense, which cannot now be raised to oppose damages.  Of course, a defendant may raise qualified immunity for the first time in summary judgment, even if not pled in the answer.  *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) (although

qualified immunity is an affirmative defense, such may be raised for the first time at summary judgment; since plaintiff has not claimed prejudice nor is any suggested by the record, the defense of qualified immunity was not waived); *Eddy v. Virgin Islands Water & Power Auth.*, 256 F.3d 204, 210 (3d Cir. 2001) (holding that failure to assert qualified immunity in an answer does not necessarily waive the defense if raised during summary judgment proceedings). But here, CCDC Defendants did not even raise the defense in their opposition to Pullano's summary judgment motion, let alone in their own motion for summary judgment. Moreover, the instances in which courts allow defendants to raise qualified immunity for the first time after summary judgment proceedings relate to those situations where material disputes of fact required resolution at trial. *See Stephenson v. Doe*, 332 F.3d 68, 76 (2d Cir. 2003) (defendant did not waive qualified immunity by failing to plead it in his answer where he asserted the defense in other pretrial submissions, since qualified immunity at the summary judgment phase would have been inappropriate given the numerous factual issues that required resolution during trial); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) (holding that defendant may raise qualified immunity after a jury verdict if the immunity question depends on disputed issues of material fact); *Quezada v. Cnty. of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991) (noting that in an excessive force case — the type which the court noted usually involve disputed issues of material fact — defendants may raise qualified-immunity defense in their answer, in motion to dismiss, or in motion for summary judgment; if unsuccessful, issue may be reasserted as defense at trial or after trial after disputed issues of fact are resolved). This scenario was not presented here, particularly given CCDC's opportunity to raise the defense during pre-trial proceedings. This is not the case here where the only issue remaining for trial is Pullano's damages, not CCDC Defendants' liability or their qualified immunity defense.

In sum, Pullano's Motion for Damages is denied. In the absence of a genuine issue of material fact as to Pullano's damages, the issue of damages must be submitted

///

to a jury. CCDC Defendants' failure to raise qualified immunity renders the defense waived.

### IV. MOTION TO AMEND

Finally, Pullano moves to amend his Complaint to add a number of additional parties, presumably discovered through discovery, and a number of additional claims. However, he fails to attach to his Motion his proposed amended pleading, as required by Local Rule 15-1(a). As the Court cannot properly appraise the propriety of his amendments without an attached proposed amended complaint, Pullano's Motion to Amend is denied with leave to re-file.

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT NaphCare Defendants' Motion for Attorneys' Fees (dkt. no. 130) is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Damages and Final Judgment (dkt. no. 136) is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Amend Complaint (dkt. no. 137) is DENIED with leave to re-file.

Dated this 24th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE