**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FRANCIS PULLANO,

           Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER, *et al.*,

           Defendants.

2:10–cv–335–MMD–VCF

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff Francis J. Pullano's Motion for Leave to Amend Complaint (#148[1]). Defendants Judy Frank, Elias S. Nolasco, Joseph Venturina and Nancy Goodman filed an opposition (#149); and, Defendants Clark County Detention Center ("CCDC"), Douglas Gillespie, Leroy Kirkegard, Officer Arb, Officer Wesley, Officer Wolfe and Cesar Escobar joined that opposition (#150) and filed their own. (#151). Plaintiff filed a sur reply (#154).

**BACKGROUND**

Plaintiff Francis Pullano, a former CCDC detainee, brought this suit *in forma pauperis* on June 4, 2010. (#1). He alleged various violations of his civil rights based on the conduct of CCDC guards and nurses employed by NaphCare, Inc., CCDC's privately-contracted medical provider. (#1-2). In his original complaint, Pullano pled the following causes of action: (1) his First Amendment rights were violated when CCDC and NaphCare staff allegedly blocked, diverted, denied, or otherwise limited his attempts to file grievances (#1-2 at 10), (2) his Eighth Amendment rights were violated when

---

[1] Parenthetical citations refer to the Court's docket.

1

Defendants failed to act reasonably and were deliberately indifferent to Plaintiff's serious medical needs by withholding auxiliary medical equipment (#1-2 at 14), (3) his Eighth Amendment rights were violated when Defendants were deliberately indifferent to Plaintiff's serious medical needs by the intentional withholding or ordered medical housing, prescriptions, medical monitoring and treatment (#1-2 at 17), (4) his Eighth Amendment rights were violated when Defendants denied and prohibited Plaintiff any and all exercise (#1-2 at 22), (5) his Eighth Amendment rights were violated when, to facilitate nurse errors, Defendants purposely exposed Plaintiff to inmate taunting and ridicule (#1-2 at 24), (6) his Eighth Amendment rights were violated when Defendants exposed Plaintiff to safety and biohazard conditions (#1-2 at 26), and (7) his Eighth Amendment rights were violated when Defendants acted unreasonably in providing adequate lighting, toilet facilities, sleep, scheduling and inhumane treatment to Plaintiff (#1-2 at 27).

Through motion practice, a number of these claims were dismissed. On July 8, 2011, the Court issued an order granting in part and denying in part Defendants' Motion to Dismiss. (#83). Pullano's Eighth Amendment claims against defendants Judy Frank, Elias S. Nolasco, Joseph Venturina and Nancy Goodman survived, as did his Eighth Amendment claims against Defendants Escobar and Wolfe. Judgment on the pleadings for Defendants CCDC, Sheriff Gillespie and Former Deputy Kirkegard was entered. Pullano's First Amendment claims were dismissed, as were his Eighth Amendment claims against NaphCare, Inc. and the NaphCare defendants in their official capacity.

After the parties filed competing summary judgment motions, the Court granted summary judgment to Defendants on all but one claim: Pullano's Eighth Amendment claim arising from the denial of his right to exercise. (*See* #129). On this claim, summary judgment was granted in favor of Pullano. On all other claims, the Court granted Defendants' counter motions for summary judgment.

On December 3, 2012, Pullano filed a Motion to Amend Complaint. (#137). The Court denied the motion on April 24, 2013 because Pullano failed to attach the proposed amended complaint, as required by Local Rule 15-1(a), but the Court gave Pullano leave to re-file. (*See* #147). On July 9, 2013, Pullano refiled the motion (#148), and included a copy of the proposed amended complaint. Pullano seeks to keep some claims from his original complaint and add a few new claims, which will be analyzed in turn below.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A) and (B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The court should freely give leave to amend when "justice so requires." *Id*. Leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). "[A] proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid clam or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988).

…

…

## DISCUSSION

Pullano's Motion for Leave to Amend is denied for two reasons. First, Pullano's motion is untimely and produces an undue delay in litigation. *See Amerisource Bergen Corp.*, 465 F.3d at 951. Second, even if Pullano's motion were timely, which it is not, permitting amendment would be futile because Pullano's amended complaint attempts to resurrect claims that the Court previously dismissed. *Id.*

### I.   Pullano's Motion Produces an Undue Delay in Litigation

Rule 15 does not permit amendment where amendment causes undue delay in litigation. *Amerisource Bergen Corp.*, 465 F.3d at 951. A party's undue delay in moving for leave to amend may be excused if there is new evidence to support the amended pleading. *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 609 F.Supp.2d 1090, 1093 (E.D. Cal. 2009); *see Buel v. City & Cnty. of San Francisco*, 166 F. App'x 901, 903 (9th Cir. 2006). Conversely, the Court will not grant leave to amend if the allegedly new evidence was available or reasonably obtainable with due diligence at an earlier time. *See Buel*, 166 F. App'x at 903. Pullano has not satisfied his burden under this standard.

Additionally, if a motion to amend is filed after the Court ordered deadline for amendments has passed, the moving party must first demonstrate good cause for failing to comply with the scheduling order. Fed. R. Civ. Pro. 16(b)(4). "Because the party's request now implicates the effective administration of justice, the party must show good cause in order to procure the court's consent." *Price v. Trans Union, L.L.C.*, 737 F.Supp.2d 276, 279 (E.D.Pa.2010) (Robreno, J.). "Good cause" under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. *See* Fed. R. Civ. P. 16, Advisory Committee Note (1983) (stating that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

In a Scheduling Order dated October 25, 2010, the Court specified January 18, 2011 as the cut-off date for amending any pleadings or adding parties. (#15 at 2:22-23). In a Minute Order dated March 31, 2011, the Court extended this deadline to June 17, 2011. (#62). In an Order dated June 17, 2011, the Court extended this deadline to October 14, 2011. (#80). On December 3, 2012, over a year after the deadline, Plaintiff filed a Motion to Amend Complaint. (#137). On April 24, 2013, the Court denied the motion because Plaintiff failed to attach the proposed amended complaint pursuant to Local Rule 15-1(a). (#147 at 7:3-9). More than two months later, on July 9, 2013, Plaintiff filed a new Motion to Amend and attached the proposed amended complaint. (#148).

All attempts by Plaintiff to amend the complaint came well after the deadline of October 14, 2011. Plaintiff now points to his reference to a future amendment in a motion dated October 25, 2011 (#121), but this mere reference is not an attempt to amend. Plaintiff contends that the Court's Order dated November 7, 2011 (#124) granted him permission to amend the complaint after decisions were made on pending motions for summary judgment. Plaintiff incorrectly interprets #124 as the Court did not give such permission. The Court did mention the effects of the pending motions for summary judgment on other motions, but not on the motion to amend. (*See* #124).

Plaintiff argues that he should be allowed to amend his original complaint because the Court gave him leave to do so. In an Order dated July 7, 2011, the Court granted Pullano leave to amend the complaint to add Las Vegas Metropolitan Police Department ("LVMPD"). (#83). Plaintiff correctly argues that the Court gave him leave to amend, but he overreaches if he thinks that permission extends to anything he wishes to amend. The Court informed him that he could amend to add LVMPD as a defendant, but Plaintiff attempts to do much more in his amendment. While Plaintiff could have, at one point, amended his complaint in ways other than by simply adding LVMPD as a defendant, he has not done so at a proper time or in a proper way.

5

## II. **Pullano's Motion is Denied because it is Futile**

Rule 15 does not permit amendment where amendment would be futile. An amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." *Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D.Mo. Nov. 7, 2011) (citing *Bakhtiari v. Beyer*, 2008 WL 3200820, at *1 (E.D.Mo. Aug. 6, 2008). The claims that Pullano seeks to add in his amended complaint are futile because they are substantially similar to claims that have already been dismissed.

The first cause of action in the proposed amended complaint alleges the violation of Plaintiff's First Amendment rights to petition the government for a redress of grievances. The first cause of action in the original complaint contains the same allegation. In an order dated July 8, 2011, the Court dismissed this claim with prejudice because it is not a valid claim under § 1983 and thus failed as a matter of law. (*See* #83).

The second cause of action in the proposed amended complaint alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs when they denied him the use of NaphCare CPAP machines, delayed access to his own CPAP machine, denied him the use of a cane, failed to regularly monitor his blood pressure, responded inappropriately when he requested aspirin and complained about dizziness and lightheadedness, and inappropriately transferred him out of the medical housing unit twice. Similarly, Plaintiff made these Eighth Amendment allegations in his second and third causes of action in his original complaint. In an order dated July 8, 2011, the Court dismissed this claim against NaphCare. (*See* #83). In an order dated September 27, 2012, the Court dismissed this claim against Defendants Frank, Nolasco, Venturina and Goodman. (*See* #129).

Plaintiff's third cause of action in his proposed amended complaint is based on the alleged violation of Plaintiff's Eight Amendment rights when he was denied the opportunity to regularly

exercise and was thus subject to cruel and unusual punishment. Plaintiff made this same claim in the fourth cause of action in his original complaint. In an order dated July 8, 2011, the Court dismissed the claim against NaphCare and NaphCare employees in their official capacity. (*See* #83).

Because the claims from the original complaint that are similar to the first and second claims in the proposed amended complaint have previously been dismissed, it would be futile to reassert them in an amended complaint. Also, because the claim from the original complaint that is similar to the third claim from the proposed amended complaint has been dismissed against most Defendants, it would be futile to reassert it against those Defendants in an amended complaint.

Plaintiff's fourth cause of action in his proposed amended complaint is a new cause of action that was not a part of his original complaint. This cause of action is based on the alleged violation of Plaintiff's Eighth Amendment rights when NaphCare and LVMPD failed to train or supervise their respective staffs, thus exposing Plaintiff to cruel and unusual punishment. The Court interprets this cause of action in one of two ways. First, it could be a negligence claim. If so, this claim fails because the Court has already found that the element of harm has not been satisfied. (*See* #129). Second, the claim could be based on the allegations Plaintiff asserted in the second, third and fourth claims in the original complaint and the second and third claims in the proposed amended complaint. As previously analyzed, it would be futile to amend with regard to these causes of action.

Plaintiff's fifth cause of action in his proposed amended complaint is for an alleged violation of his rights under Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, the Fifth Amendment and the Fourteenth Amendment when he was denied medical equipment. Plaintiff did not mention the ADA or the Rehabilitation Act in his original complaint; however, the allegations are similar to those asserted in the second and third causes of action in the original complaint and the second cause of action in the proposed amended complaint. As previously mentioned, in an

order dated July 8, 2011, the Court dismissed the claim against NaphCare (*see* #83), and in an order dated September 27, 2012, the Court dismissed this claim against Defendants Frank, Nolasco, Venturina and Goodman (*see* #129). Accordingly, amendment to add violations under these laws would be futile.

Plaintiff seeks to add new defendants in the proposed amended complaint. These new defendants are not mentioned anywhere in the proposed amended complaint other than in the list of defendants in the section titled "Parties" found near the beginning of the complaint.[2] (*See* #148-1). This falls short of the requirement that a claim contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" in order to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because these defendants are not mentioned anywhere as being part of the alleged violations of Plaintiff's rights, Plaintiff alleges no plausible claims for relief against them and the complaints against them would thus be dismissed. Amendment to add these defendants would thus be futile.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion for Leave to Amend Complaint (#148) is DENIED *with prejudice*.

IT IS SO RECOMMENDED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1)

---

[2] These new defendants are: (1) Ronaldo Rodriguez; (2) Ronaldo Nazario; (3) Sherry Hannah; (4) Nathan Egli; (5) Randolph Adviento; (6) Robert Garvey; (7) Gregory Finley; (8) Jason Olson; (9) James Miller; (10) Blayne Calizo; (11) Aaron Harvey; and (12) A. Sol. (#148-1 at 3-5).

failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE