# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Francis J. Pullano,

    Plaintiff

v.

NaphCare et al.,

    Defendants

Case No.: 2:10-cv-00335 -JAD-VCF

**Order
Denying Motion for Leave to Amend (Doc. 148)
and Adopting Report and Recommendation
(Doc. 156)**

This civil-rights action arises out of Francis Pullano's medical care while he was incarcerated in the Clark County Detention Center ("CCDC"). Magistrate Judge Cam Ferenbach entered a report and recommendation on November 22, 2013, recommending that Pullano's motion for leave to file an amended complaint be denied.[1] Pullano objected five days late on December 14, 2013.[2] I now adopt Magistrate Judge Ferenbach's findings and conclusions and deny Pullano's motion for leave to amend (Doc. 148) for three independent reasons: (1) Pullano's objections are untimely, (2) his motion for leave to file is exceedingly late, and (3) amendment would be futile.

**1. Pullano's Objections Are Late.**

"[N]o review is required of a magistrate judge's report and recommendation unless

---

[1] Doc. 156 at 8.

[2] Doc. 158; Doc. 157 (objecting only to the extend that the court might believe previously dismissed claims were still alive); Doc. 160 (seeking affirmation of the report and recommendation).

1

objections are filed."[3] The delay in Pullano's filing of objections relieves the court of the obligation to adjudicate them. Thus, I do not need to review Pullano's objections because he filed them late—Pullano's habit in this case. But in the interest of justice, I consider them on their merits, conclude that Magistrate Judge Ferebach's recommendation is correct, and overrule Pullano's objections.

**2. The Motion to Amend Was Fatally Late.**

The first problem with Paullno's motion to maned is that it is extremely late. On careful review of the docket, I see the confusion that may have led to Pullano's late request. In his motion for appointment of counsel, Pullano stated that he needed counsel to "artfully craft an appropriate Amended Complaint."[4] The court denied his request for counsel without prejudice until the summary-judgment motions were decided, without addressing amendment.[5] After the motions for summary judgment were resolved, Pullano filed a motion to amend on December 3, 2012.[6] The court denied this motion without prejudice on April 24, 12013, explaining that it could not properly review any amendments without the proposed amended complaint attached as required by the local rules.[7] On July 9, 2013, Pullano filed this motion and attached a proposed amended complaint.[8]

Even with the confusion surrounding whether Pullano could seek leave to amend, his original motion for counsel followed the amendment deadline by 11 days, his renewed motion to amend was filed 76 days after he was instructed to attach a proposed complaint, and his renewed

---

[3] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Doc. 121 at 4.

[5] Doc. 148 at 2 (discussing Doc. 124).

[6] Doc. 137.

[7] Doc. 147 at 7.

[8] Docs. 148, 148-1.

2

motion to amend came 634 days after the amendment deadline.[9]  Pullano is not relieved of his obligation to comply with court's rules and procedures simply because he has not retained, or cannot afford to retain, an attorney to represent him.[10]  Permitting amendment now, after dismissals and summary judgments and 20 months after the amendment deadline, would substantially and unjustly harm the defendants.  Accordingly, I find that Pullano's efforts to amend his complaint are exceedingly untimely and must be denied on that basis alone.

**3. Amendment Would Be Futile.**

Amendment would also be futile.  Pullano's amended complaint does more than his motion seeks leave to do.  Pullano states that he seeks to add the names of defendants obtained in discovery, correct CCDC's name to the Las Vegas Metropolitan Police Department ("Metro"), include information obtained in discovery about defendants NaphCare's and Metro's policies, and provide evidence supporting Title II violations.[11]  But the proposed complaint he attaches would reinstate numerous claims the court has either dismissed or granted summary judgment upon—and would drag back defendants who have already been terminated.  As Magistrate Judge Ferenbach explains in detail, amendment must be denied as a matter of law because it would be futile.[12]

Pullano's requested amendment would be futile for the additoinal reason that he seeks to add new parties and claims that are time barred.  Although 42 U.S.C. § 1983 does not provide a specific statute of limitations, 42 U.S.C. § 1988 requires that state law shall provide the statute of limitations.  Even under the most generous statute of limitations that could apply to his claims, Pullano was

---

[9] *See* Doc. 80 at 6 (scheduling order setting amendment deadline on October 14, 2011); *see also* Doc. 121 (motion for appointment of counsel filed on October 25, 2011).

[10] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

[11] Doc. 148 at 3.

[12] Doc. 156 at 6–8.

required to file his claims within two years of his injury.[13]  Pullano alleges injuries that occurred five years ago in 2009.[14]  Pullano argues that his new language "directly relate[s] back" to facts in the original complaint.[15]  But to the extent he seeks to add a Title II claim, I do not see adequate notice of it in the record for relation back to apply.  And to the extent he seeks to resurrect already adjudicated claims, relation back simply is not an appropriate way to circumvent the court's prior orders.  If it were, litigation would be a never-ending cycle of adjudications and amendments.

## Conclusion

Accordingly, it is hereby ORDERED that Magistrate Judge Cam Ferenbach's report and recommendation **[Doc. 156] is ADOPTED**, and Pullano's objections [Doc. 158] are overruled.

It is further ORDERED that Francis Pullano's Motion for leave to amend complaint **[Doc. 148] is DENIED**.

DATED September 23, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989); NRS 11.190(4)(e).

[14] Doc. 3 at 10–13.

[15] Doc. 154 at 4.

4